UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONTE BELL,<br><br>                    Plaintiff,<br><br>          v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>                    Defendants. | No.  1:21-cv-00121-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS ACTION BE<br>DISMISSED WITHOUT PREJUDICE FOR<br>FAILURE TO PROSECUTE AND FAILURE<br>TO COMPLY WITH A COURT ORDER<br><br>ORDER FOR CLERK TO ASSIGN DISTRICT<br>JUDGE |

Plaintiff Leonte Bell ("Plaintiff") is a state inmate or former state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 25, 2021 in the Sacramento Division of this district. (ECF No. 1). This action was transferred to the Fresno Division on January 29, 2021. (ECF No. 4). The Complaint brings claims concerning Plaintiff's missing property.

The Court screened Plaintiff's complaint on February 1, 2021. (ECF No. 7). In its screening order, the Court found that Plaintiff failed to state a claim. (*Id.* at 6). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint, subject to the Court issuing findings and recommendations to a district judge consistent with the screening order. (*Id.* at 7). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this

1

action." (*Id.*). On February 24, 2021, the clerk of court entered a notice in the docket that the mailed screening order was undeliverable, as Plaintiff has been paroled in Los Angeles County.

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. It appears that Plaintiff is unlikely to do so, for it seems he is no longer in custody and has not updated his address with the clerk of court. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed without prejudice for failure to prosecute and failure to follow a court order.

## I.        FAILURE TO REDPOND TO SCREENING ORDER OR UPDATE ADDRESS

Despite the Court's order for Plaintiff to file a response within 30 days of the order, Plaintiff failed to file any response to the Court's screening order. Moreover, Plaintiff has failed to keep his address current with the clerk of court, as required by Eastern District of California Local Rule 182(f) ("Each … pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address … shall be fully effective.") and a Court order, (ECF No. 5 at 5) (in prisoner new case packet, ordering Plaintiff keep his address current). Thus, Plaintiff has failed to prosecute this action and to follow a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to

2

1  routine noncompliance of litigants...." *Pagtalunan*, 291 at 639.  Plaintiff has failed to respond to

2  the Court's screening order.  This failure to respond is delaying the case and interfering with

3  docket management.  Therefore, the second factor weighs in favor of dismissal.

4      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

5  and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991).  However, "delay

6  inherently increases the risk that witnesses' memories will fade and evidence will become stale,"

7  *id.* at 643, and it is Plaintiff's failure to prosecute this case that is causing delay.  Therefore, the

8  third factor weighs in favor of dismissal.

9      As for the availability of lesser sanctions, at this stage in the proceedings there is little

10  available to the Court which would constitute a satisfactory lesser sanction while protecting the

11  Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's

12  incarceration and *in forma pauperis* status, monetary sanctions are of little use.  And, given the

13  stage of these proceedings, the preclusion of evidence or witnesses is not available.

14      Finally, because public policy favors disposition on the merits, this factor weighs against

15  dismissal. *Id.*

16  **II.    CONCLUSION AND RECOMMENDATIONS**

17      After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

18  Plaintiff did not receive the screening order, and it is possible that he could allege additional facts

19  that state a claim. Accordingly, the Court HEREBY RECOMMENDS that:

20      1.    This action be dismissed without prejudice for failure to prosecute and failure to

21  follow a court order; and

22      2.    The Clerk of Court be directed to close this case.

23      These findings and recommendations will be submitted to the United States district judge

24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen

25  (14) days after being served with these findings and recommendations, Plaintiff may file written

26  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

27  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

28  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 12, 2021**                      /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE